IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARYANN COTTRELL and
RICHARD G. HOLLAND,

        Plaintiffs,

   v.

ROWAN UNIVERSITY, et al.,

        Defendants.

CIVIL NO. 08-1171(NLH)(JS)

**MEMORANDUM
OPINION & ORDER**

**APPEARANCES:**
MARYANN COTTRELL
RICHARD G. HOLLAND
31 SOUTH ACADEMY STREET
GLASSBORO, NJ 08028

    Appearing *pro se*

DANIEL F. DRYZGA, JR.
MELISSA THERSA DUTTON
OFFICE OF NJ ATTORNEY GENERAL
R.J. HUGHES JUSTICE COMPLEX
P.O. BOX 112
TRENTON, NJ 08625-0112

    On behalf of defendants

**HILLMAN**, District Judge

    This matter having come before the Court on plaintiffs' motion for reconsideration of the Court's April 5, 2011 decision granting defendants' motion for summary judgment on plaintiffs' claims that defendants violated the Americans with Disabilities Act, New Jersey's Law Against Discrimination, the New Jersey Civil Rights Act, and their First Amendment, Due Process, and Equal Protection constitutional rights when they banned

plaintiffs from entering the Rowan University campus, and terminated plaintiff Richard Holland's employment; and

Plaintiffs' motion having been filed pursuant to Local Civil Rule 7.1(i); and

Rule 7.1(i) providing, in relevant part, "A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d

349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

Plaintiffs seeking reconsideration of the Court's decision granting summary judgment in defendants' favor, arguing that they are "David" to defendants' "Goliath," and that due to their *pro se* status and the complexity of the case, they were unable to provide enough facts to the Court--in the form of their response to defendants' statement of undisputed material facts--so that the Court could find in their favor; and

Plaintiffs arguing that the Court's failure to consider all the facts constitutes a manifest injustice requiring the Court to reverse its grant of summary judgment in defendants' favor; but

The Court finding that plaintiffs have not presented any change in law or the discovery of any new evidence since the entry of the Court's Order; and

The Court also finding that plaintiffs have not demonstrated that the Court needs to correct a clear error of law or fact or to prevent manifest injustice; and in so finding

The Court noting that in opposition to defendants' motion, plaintiffs having submitted a forty-four page brief and several hundred pages of exhibits, all of which the Court considered in

3

rendering its decision on defendants' motion; and

The Court further noting that plaintiffs were granted two extensions of time to file their opposition papers to defendants' motion for summary judgment; and

The Court also noting that even if plaintiffs' supplemental statement of facts were now considered, it would not alter the Court's analysis, as plaintiffs either repeat facts already considered by the Court, or they impermissibly constitute conclusory denials or allegations (see Docket No. 81); and

The Court finally noting that plaintiffs' failure to timely file their response to defendants' statement of undisputed material facts was not a factor in the Court's decision on the merits of defendants' motion[1];

Accordingly,

IT IS HEREBY on this 17th day of May, 2011

ORDERED that plaintiffs' motion for reconsideration [80] is DENIED.

At Camden, New Jersey
                     s/ Noel L. Hillman
                     NOEL L. HILLMAN, U.S.D.J.

---

[1] Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel...."). Nonetheless, even though plaintiffs were required to file their response to defendants' statement of undisputed material facts along with their opposition papers, their failure to do so was not dispositive to the grant of defendants' motion.

4