IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANN COTTRELL and RICHARD G. HOLLAND, <br><br>    Plaintiffs, <br><br>    v. <br><br> ROWAN UNIVERSITY, et al., <br><br>    Defendants. | CIVIL NO. 08-1171(NLH)(JS) <br><br> MEMORANDUM OPINION & ORDER |

**APPEARANCES:**

MARYANN COTTRELL
RICHARD G. HOLLAND
31 SOUTH ACADEMY STREET
GLASSBORO, NJ 08028

    Appearing *pro se*

JENNIFER L. CAMPBELL
DANIEL F. DRYZGA, JR.
MELISSA THERSA DUTTON
OFFICE OF NJ ATTORNEY GENERAL
R.J. HUGHES JUSTICE COMPLEX
P.O. BOX 112
TRENTON, NJ 08625-0112

    On behalf of defendants

**HILLMAN**, District Judge

    This matter having come before the Court on plaintiffs' second motion for reconsideration of the Court's April 5, 2011 decision granting defendants' motion for summary judgment on plaintiffs' claims that defendants violated the Americans with Disabilities Act, New Jersey's Law Against Discrimination, the New Jersey Civil Rights Act, and their First Amendment, Due

Process, and Equal Protection constitutional rights when they banned plaintiffs from entering the Rowan University campus, and terminated plaintiff Richard Holland's employment; and

Plaintiffs' motion having not been filed pursuant to any specific rule, but a motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i); and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or

controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 Fed. Appx. 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'"); and

For the second time, and almost two years after the issuance of the Court's Opinion, plaintiffs are seeking reconsideration of the Court's decision granting summary judgment in defendants' favor, arguing that plaintiff Holland was wrongly terminated; and

Plaintiffs arguing that the Court "did not closely examine[] the substantial amount of material evidence that the Plaintiffs provided the Court," and the Court should therefore reconsider Holland's wrongful termination claim; but

The Court finding that plaintiffs have not presented any change in law or the discovery of any new evidence since the entry of the Court's Order; and

The Court also finding that plaintiffs have not demonstrated that the Court needs to correct a clear error of law or fact or to prevent manifest injustice;

Accordingly,

IT IS on this  10th   day of April              , 2013

ORDERED that the Clerk shall reopen the case and shall make

3

a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that plaintiffs' motion for reconsideration [84] is DENIED; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

                                        _s/ Noel L. Hillman_
                                        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey